## KEEN v. KEEN.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 188.    Argued March 7, 8, 1906.—Decided April 2, 1906.

Where the only assignment of error does not involve any Federal question the mere statement in the motion for new trial that the judgment deprives plaintiff in error of his property without due process of law, denies him equal protection of the laws, and is contrary to the Fourteenth Amendment, without any allegation as to why the judgment has this effect, no notice of which is taken by the state court in denying the motion does not properly raise a Federal question so as to give this court jurisdiction to review under § 709, Rev. Stat., even though the writ be allowed by the presiding judge of the state court.

What facts constitute a common-law marriage in a State is purely a local, and not a Federal, question.

THIS was an action of ejectment begun by Sophronia K. Keen in the Circuit Court of St. Charles County against Ellis Keen, to recover a tract of land in that county to which plaintiff averred she was lawfully entitled. The petition was in the usual form of a declaration in ejectment, and the answer a general denial.

Eli Keen was the common source of title, plaintiff claiming one-half of the land, subject to the payment of debts, under section 2939 of the Revised Statutes of Missouri, upon the ground that she was the widow of Eli Keen, who died in

1901, leaving, as plaintiff alleged, no children capable of inheriting.

Defendant claimed to be the legitimate child of an alleged common-law marriage between Eli Keen, a white man, and Phoebe, a negro woman.

There was judgment below for the plaintiff, which was affirmed by the Supreme Court. 184 Missouri, 358.

*Mr. David P. Dyer* for plaintiff in error.

*Mr. C. W. Bates,* with whom *Mr. John F. McGinnis* and *Mr. C. W. Wilson* were on the brief, for defendant in error, submitted.

MR. JUSTICE BROWN, after making the foregoing statement, delivered the opinion of the court.

The court deduced, as a conclusion of law from certain facts found, that no marriage at common law had ever existed between Eli Keen and Phoebe, a former slave of Eli's father, and that the former died without leaving any child or children or other descendants capable of inheriting from him, and hence that plaintiff was entitled to recover possession of an undivided half of the lands as his wife. No ceremonial marriage was claimed.

It is difficult to see any facts upon which to found our jurisdiction of the case. No Federal question appears in the pleadings or in the testimony, a transcript of which is contained in the record. The first glimmer of one appears in the motion for a new trial in the Circuit Court, in which it is charged that the judgment deprived the defendant of his property without due process of law, and also denied him the equal protection of the laws, contrary to the Fourteenth Amendment to the Constitution. But no allegation is made as to why the judgment had this effect. No notice was taken of the constitutional point in the opinion of the Supreme Court, although the writ of error from this court was allowed by the presiding

judge.· In the assignment of errors filed in this court the only error charged is that, although the court below found there was no common-law marriage between Eli Keen and Phoebe, yet in its special findings, it found all the facts required to establish such common-law marriage between them, and that from the facts so found the law presumed a null and void marriage between said Eli Keen and Phoebe Keen, the issue of which was capable of inheriting under the statutes of Missouri. Revised Statutes, § 2918. No reference is made to the Constitution of the United States in this connection. In addition to ·this, the question what facts constitute a common-law marriage is purely a local one. We have searched the record· for a Federal question, but have found none. The writ of error is, therefore,

*Dismissed.*